# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| National Fire Insurance Company of Harford; and The Continental Insurance Company, <br><br> Plaintiffs, <br><br> v. <br><br> Stevens & Wilkinson, Inc., Stevens & Wilkinson, GA, Inc., Vanessa Williams, Angela Mosley, Karen Thomas, Vaughn Hassan, Thomas Tucker, Zelda Johnson, Lisa Austin, Elizabeth Houston, Regina Brinson, Marsha Armstong, Joe Young, Joann Ross, Yvonne Brockington, Dianne Medley-Bloodworth, Raymond Bloodworth, Bertha McKnight, Erica Jeter, Pearl Davis, Paul LeBlanc, Ophelia Grant, Beverly Sims, Irvin Jones, Juniper DiGiovanni, Grady Anderson, Pamela Grovner, Theodorsia Rubenstein, Kyle Alexander Bailey, Alexander Henderson, Reginald Hall, Iregene Grovner, Jr., Bobby Grovner, Barbie Brooksher, Yvonne Jackson Grovner, Linda David, Katrena Alexander, Heather Houston-Meeks, Thomasa Akins, Jennifer Blockers, Erika LeCounte, Sabreena Vullock Labran, Abeed Labran, Janice Carrol, Mary Veronyca Matthews, Kimberly Wood, LaTonya Wood, Susie Wood, George Francis, and David Michael Wood, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:26-cv-02096-TWT |

1

Defendants.    )

_____    )

**DEFENDANTS VANESSA WILLIAMS, ANGELA MOSLEY, KAREN THOMAS, VAUGHN HASSAN, THOMAS TUCKER, ZELDA JOHNSON, LISA AUSTIN, ELIZABETH HOUSTON, REGINA BRINSON, MARSHA ARMSTONG, JOE YOUNG, JOANN ROSS, YVONNE BROCKINGTON, DIANNE MEDLEY-BLOODWORTH, RAYMOND BLOODWORTH, BERTHA MCKNIGHT, ERICA JETER, PEARL DAVIS, PAUL LEBLANC, OPHELIA GRANT, BEVERLY SIMS, IRVIN JONES, JUNIPER DIGIOVANNI, GRADY ANDERSON, PAMELA GROVNER, THEODORSIA RUBENSTEIN, KYLE ALEXANDER BAILEY, ALEXANDER HENDERSON, REGINALD HALL, IREGENE GROVNER, JR., BOBBY GROVNER, BARBIE BROOKSHER, YVONNE JACKSON GROVNER, LINDA DAVID, KATRENA ALEXANDER, HEATHER HOUSTON-MEEKS, THOMASA AKINS, JENNIFER BLOCKER, ERIKA LECOUNTE, SABREENA VULLOCK LABRAN, ABEED LABRAN, JANICE CARROL, MARY VERONYCA MATTHEWS, KIMBERLY WOOD, LATONYA WOOD, SUSIE WOOD, GEORGE FRANCIS, AND DAVID MICHAEL WOOD ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT**

COME NOW, Vanessa Williams, Angela Mosley, Karen Thomas, Vaughn Hassan, Thomas Tucker, Zelda Johnson, Lisa Austin, Elizabeth Houston, Regina Brinson, Marsha Armstong, Joe Young, Joann Ross, Yvonne Brockington, Dianne Medley-Bloodworth, Raymond Bloodworth, Bertha McKnight, Erica Jeter, Pearl Davis, Paul LeBlanc, Ophelia Grant, Beverly Sims, Irvin Jones, Juniper DiGiovanni, Grady Anderson, Pamela Grovner, Theodorsia Rubenstein, Kyle Alexander Bailey, Alexander Henderson, Reginald Hall, Iregene Grovner, Jr., Bobby Grovner, Barbie Brooksher, Yvonne Jackson Grovner, Linda David, Katrena Alexander, Heather Houston-Meeks, Thomasa Akins, Jennifer Blocker, Erika LeCounte, Sabreena

2

Vullock Labran, Abeed Labran, Janice Carrol, Mary Veronyca Matthews, Kimberly Wood, LaTonya Wood, Susie Wood, George Francis, and David Michael Wood (hereinafter "Individual Defendants"), named Defendants in the above-styled action, by and through their undersigned counsel, and file their Answer to Plaintiffs' Complaint for Declaratory Judgment (hereinafter "Complaint") as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred because the Court should decline to exercise jurisdiction over this declaratory judgment action given the pendency of the Underlying Action and the overlap of fact issues that will be litigated.

## THIRD DEFENSE

Plaintiffs' claims are barred because Plaintiffs bear the burden to prove the applicability of any exclusion, limitation, forfeiture, or condition they rely upon, and any such exclusion or limitation must be strictly construed against Plaintiffs and in favor of coverage.

## FOURTH DEFENSE

Plaintiffs' claims are barred because Individual Defendants and/or the insureds satisfied applicable notice and other conditions precedent, or any alleged

noncompliance was excused and/or otherwise does not operate to forfeit coverage under the Policy.

## FIFTH DEFENSE

Plaintiffs' Complaint may be subject to dismissal because Plaintiffs did not timely send a proper reservation of rights notice to the Insureds.

## SIXTH DEFENSE

Plaintiffs' claims are barred by waiver and/or estopped based on Plaintiffs' acts, omissions, and/or course of conduct regarding investigation, coverage positions, defense of the insured, and/or reservation of rights.

## SEVENTH DEFENSE

There may be a lack of jurisdiction over the subject matter and/or lack of personal jurisdiction over Individual Defendants.

## EIGHTH DEFENSE

Venue is or may become improper as to these Individual Defendants.

## NINTH DEFENSE

Plaintiffs may lack standing to assert the claims raised in the Complaint.

## TENTH DEFENSE

The Complaint should be dismissed for failure to join parties necessary for a just adjudication of the issues under Rule 19.

4

## ELEVENTH DEFENSE

In response to the individually numbered paragraphs contained in the Plaintiffs' Complaint, these Individual Defendants respond as follows:

### NATURE OF THE ACTION

1.

This paragraph of Plaintiffs' Complaint contains a legal conclusion to which no answer is required. To the extent an answer is required, Individual Defendants deny that Plaintiffs are entitled to the relief sought. Individual Defendants deny the remaining allegations contained in this Paragraph of Plaintiffs' Complaint.

### PARTIES

2.

Admitted.

3.

Admitted.

4.

Admitted.

5.

Admitted.

6.

These Individual Defendants generally admit the allegations in this paragraph related to their state of residence. Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis, they are denied.

**JURISDICTION**

7.

Denied.

8.

Individual Defendants admit that (1) Stevens & Wilkinson, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia, (2) the Incident took place in Georgia, and (3) the Underlying Lawsuit is pending in Georgia. The remaining allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, those allegations are denied.

9.

Individual Defendants admit that (1) Stevens & Wilkinson, GA, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia, (2) the Incident took place in Georgia, and (3) the Underlying Lawsuit is pending in Georgia. The remaining allegations in this paragraph are legal conclusions to which

no answer is required. To the extent an answer is required, those allegations are denied.

10.

These Individual Defendants admit they sustained bodily injuries arising out of an incident that took place in Georgia and are Plaintiffs in the Underlying Action. The remaining allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, those allegations are denied.

11.

These Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 as they pertain to other Individual Defendants.

12.

Individual Defendants admit Plaintiffs seek an adjudication regarding their rights under insurance policies with respect to the Underlying Lawsuit. The remaining allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, those allegations are denied.

## FACTUAL BACKGROUND

13.

Individual Defendants deny that Plaintiffs are parties to the Complaint attached as Exhibit A. Individual Defendants admit that some of the individually

7

named Individual Defendants in this action are plaintiffs in the lawsuit filed on June 10, 2025 that is attached to Plaintiffs' Complaint as Exhibit A.

14.

The allegations contained in Paragraph 14 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

15.

The allegations contained in Paragraph 15 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

## A. Stevens & Wilkinson Performed Professional Architectural and Design Services

16.

The allegations contained in Paragraph 16 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

17.

The allegations contained in Paragraph 17 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

18.

The allegations contained in Paragraph 18 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

19.

The allegations contained in Paragraph 19 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

20.

The allegations contained in Paragraph 20 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

21.

The allegations contained in Paragraph 21 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

22.

The allegations contained in Paragraph 22 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

23.

The allegations contained in Paragraph 23 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

24.

The allegations contained in Paragraph 24 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

25.

The allegations contained in Paragraph 25 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

26.

The allegations contained in Paragraph 26 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

27.

The allegations contained in Paragraph 27 of Plaintiffs' Complaint are admitted.

28.

The allegations contained in Paragraph 28 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

29.

The allegations contained in Paragraph 29 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

30.

The allegations contained in Paragraph 30 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

31.

The allegations contained in Paragraph 31 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

32.

The allegations contained in Paragraph 32 of Plaintiffs' Complaint are generally admitted but are incomplete and out of context with respect to the allegations asserted in the underlying action.

## THE POLICIES

33.

Individual Defendants admit only that a copy of the purported NFIH Policy is attached to Plaintiffs' Complaint as Exhibit C. Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.

Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.

Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.

Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.

Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.

Individual Defendants admits only that a copy of the purported CIC Policy is attached to Plaintiffs' Complaint as Exhibit D. Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.

Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.

Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.

Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

**COUNT I – DECLARATORY JUDGMENT**
**NO DUTY TO DEFEND OR INDEMNIFY UNDER NFIH POLICY**

42.

Defendant restates and incorporates by reference her responses to Paragraphs 1-41 of Plaintiffs' Complaint.

43.

Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.

The allegations contained in Paragraph 44 of Plaintiffs' Complaint are denied.

45.

Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.

Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.

Individual Defendants admit that the Underlying Lawsuit seeks damages from Stevens & Wilkinson for injuries sustained as a result of the Incident. Except as stated, Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47, and on that basis, they are denied.

48.

Denied.

49.

Individual Defendants admit that the Underlying Lawsuit asserts two causes of action against Stevens & Wilkinson – one for Ordinary Negligence and one for Professional Negligence. The remaining allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, those allegations are denied.

50.

The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

51.

The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

52.

The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

**COUNT II – DECLARATORY JUDGMENT
NO DUTY TO DEFEND OR INDEMNIFY UNDER CIC POLICY**

53.

Defendant restates and incorporates by reference her responses to Paragraphs 1-52 of Plaintiffs' Complaint.

54.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.

The allegations in this paragraph are legal conclusions to which no response

is required. To the extent a response is required, those allegations are denied.

57.

Individual Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiffs'

Complaint.

58.

The allegations in this paragraph are legal conclusions to which no response

is required. To the extent a response is required, those allegations are denied.

59.

The allegations in this paragraph are legal conclusions to which no response

is required. To the extent a response is required, those allegations are denied.

60.

Individual Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiffs'

Complaint.

61.

The allegations in this paragraph are legal conclusions to which no response

is required. To the extent a response is required, those allegations are denied.

62.

The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

63.

The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

64.

The allegations contained in the WHEREFORE portion of Plaintiffs' Complaint do not appear to require a response from Individual Defendants. To the extent they do require a response, such allegations are expressly denied.

65.

Any allegations contained in Plaintiffs' Complaint that have not been expressly admitted by Individual Defendants herein are expressly denied.

**WHEREFORE**, having answered the Plaintiffs' Complaint, Individual Defendants requests that Judgment be entered in their favor.

This 30th day of June, 2026.

**BEN CRUMP LAW, PLLC**


*/s/ Liza A. Park*
Liza A. Park
Georgia Bar No. 714092
Paul A. Grinke*
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Tel: (404) 850-8922
Fax: (972) 433-0111
liza@bencrump.com
paul@bencrump.com

**SALTZ MONGELUZZI
BENDESKY, P.C.**


*/s/ Jeffrey P. Goodman*
Jeffrey P. Goodman, Esq.*
Samual B. Dordick, Esq.*
Jordan L. Howell, Esq.*
Max H. Dehon, Esq.*
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Tel: (215) 496-8282
Fax: (215) 496-0999
jgoodman@smbb.com
sdordick@smbb.com
jhowell@smbb.com
mdehon@smbb.com


\* Motions for admission *pro hac vice*
to be filed

*Jacqueline Crews Carter and as
Personal Representatives of the
Estate of Jacqueline Crews Carter;*

**THE CHAMPION FIRM,
PERSONAL INJURY ATTORNEYS,
P.C.**


*/s/ Darl. H. Champion*
Darl. H. Champion, Jr.
Georgia Bar No. 910007
Brendan Krasinski
Georgia Bar No. 159089
Devon G. Zawko
Georgia Bar No. 212490
445 Franklin Gateway, SE
Suite 100
Marietta, Georgia 30067
P: (404) 596-8004
F: (404) 671-9347
Champ@thechampionfirm.com
Brendan@thechampionfirm.com
Devon@thechamprionfirm.com

*Counsel for Zelda Johnson, Lisa Austin,
Thomasa Akins, Jennifer Blocker, and
Erika LeCounte*

19

*Karen Thomas as Surviving Spouse of Isaiah Thomas and Kisha Haraway as Personal Representative of the Estate of Isaiah Thomas; Vaughn Hassan as the Surviving Child of Carlotta McIntosh and as Personal Representative of the Estate of Carlotta McIntosh; Thomas Tucker as the Surviving Child of Cynthia Gibbs and as Personal Representative of the Estate of Cynthia Gibbs; Regina Brinson; Marsha Armstrong; Joe Young; Joann Ross; Yvonne Brockington; Diannne Medley-Bloodworth and Raymond Bloodworth, h/w; Bertha McKnight; Erica Jeter; Pearl Davis; Paul LeBlanc; Ophelia Grant; Beverly Sims and Irvin Jones, h/w; Juniper DiGiovanni; Grady Anderson; Pamela Grovner; Theodorsia Rubenstein; Kyle Alexander Bailey; Alexander Henderson; Reginald Hall; Iregene Grovner, Jr.; Bobby Grovner; Barbie Brooksher; Yvonne Jackson Grovner; Linda David; and Katrena Alexander.*

**MORGAN & MORGAN**

/s/ *Edgar M. Smith*
Edgar M. Smith
Georgia Bar No. 683836
200 Stephenson Ave, Suite 200
Savannah, Georgia 31405
Tel: (912) 244-5401
Fax: (912) 443-1125
edgarsmith@forthepeople.com

**THE MANCE LAW FIRM**

/s/ *Chadrick A. Mance*
Chadrick A. Mance
Georgia Bar No. 703877
24 Commerce Pl., Suite C
Savannah, Georgia 31406
Tel: (912) 574-4529
Fax: (888) 503-5309
mancelawgroup@gmail.com

*Attorney for Plaintiffs Elizabeth Houston, as Surviving Spouse of Charles L. Houston and Heather Houston-Meeks*

*Attorney for Plaintiffs Sabreena Vullock Labran, Abeed Labran, Janice Caroll, Mary Veronyca Matthews, Kimberly Wood (Individually and as Next Friend of minor children R.W. and H.W.), LaTonya Wood, Susie Wood, George Francis, and David Michael Wood*

## CERTIFICATE OF FONT COMPLIANCE

Undersigned counsel hereby certifies that the foregoing has been prepared with one of the fonts and point selections approved by the Court in LR 5.1, Times New Roman 14 point.

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026 I electronically filed **DEFENDANTS ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

V. Phillip Hill IV
GORDON REES SCULLY MANSUKHANI LLP
55 Ivan Allen Blvd. NW
Suite 750
Atlanta, Georgia 30308
(404) 869-9054
phill@grsm.com

*Counsel for Plaintiffs*

*/s/ Brendan Krasinski*
BRENDAN KRASINSKI
Georgia Bar No. 159089

22